UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FUNCTIONAL GOVERNMENT
INITIATIVE,

      Plaintiff,

  v.

U.S. FOOD AND DRUG ADMINISTRATION,

      Defendant.

Civil Action No. 24-1925 (TJK)

## ANSWER

Defendant, the United States Food and Drug Administration ("Defendant"), by and through counsel, hereby responds to Plaintiff Functional Government Initiative's Complaint alleging violations of the Freedom of Information act ("FOIA"). ECF No. 1.

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

The first non-enumerated paragraph of Plaintiff's Complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this lawsuit pursuant to the FOIA.

## JURISDICTION AND VENUE[1]

1.    Paragraph 1 contains Plaintiff's statements of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this action, subject to the limitations of FOIA.

2.    Paragraph 2 contains Plaintiff's statements of law regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for a properly stated FOIA claim.

## PARTIES

3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.    Defendant admits that it is an agency of the United States government and denies that its headquarters is located at 5630 Fishers Lane, Room 1035, Rockville, MD 20857. Defendant avers that its headquarters is located at 10903 New Hampshire Avenue, Silver Spring, Maryland. The third sentence of Paragraph 4 contains conclusions of law, to which no response is required.

## STATEMENT OF FACTS

5.    With respect to the first sentence of this paragraph, Defendant admits only that Plaintiff submitted four FOIA requests to Defendant between February 9, 2024, and

---

[1]    For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

March 29, 2024, and that Defendant has not substantively responded to such requests. Defendant

presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in the remainder of the first sentence of Paragraph 5. The second sentence of Paragraph 5 consists

of Plaintiff's characterization of its FOIA requests. Defendant respectfully refers the Court to a

copy of the requests for a complete and accurate statement of their contents.

6.      Paragraph 6 contains conclusions of law, to which no response is required.

7.      Paragraph 7 characterizes a March 15, 2022, memorandum from U.S. Attorney

General Merrick Garland. Defendant respectfully refers the Court to a copy of the memorandum

for a complete and accurate statement of its contents.

8.      Defendant admits only that, as of the date of the Complaint, it had not provided a

response to Plaintiff's FOIA requests. The remainder of the allegations in this paragraph consist

of conclusions of law to which no response is required.

9.      Paragraph 9 contains conclusions of law, to which no response is required. To the

extent a response is deemed required, Defendant denies.

A.      **FGI'S FOIA REQUEST FOR TRAVEL RECORDS RELATING TO THE
        DIRECTOR OF THE CENTER FOR TOBACCO PRODUCTS.**

10.      Defendant admits that it received a FOIA request from Plaintiff on

February 9, 2024. The second and third sentences in Paragraph 10 consist of Plaintiff's

characterization of that request. Defendant respectfully refers the Court to a copy of the request

for a complete and accurate statement of its contents. To the extent the allegations in the last

sentence of Paragraph 10 seek to provide background facts in support of allegations of public

interest, Defendant admits there may be some public interest in the records sought but presently

lacks knowledge or information sufficient to form a belief as to the existence or extent of any

public interest, including as compared to any countervailing interests. To the extent the allegations

in this sentence are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     Defendant admits that it sent Plaintiff an acknowledgement letter on February 12, 2024.

12.      Defendant admits that, as of the date of the Complaint, it had not provided a response to Plaintiff's FOIA request.

**B.     FGI'S FOIA REQUEST FOR TRAVEL RECORDS RELATING TO THE DIRECTOR OF THE OFFICE OF SCIENCE OF THE CENTER FOR TOBACCO PRODUCTS.**

13.     Defendant admits that it received a FOIA request from Plaintiff on February 9, 2024. The second and third sentences in Paragraph 13 consist of Plaintiff's characterization of that request. Defendant respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents. To the extent the allegations in the last sentence of Paragraph 13 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this sentence are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     Defendant admits that it sent Plaintiff an acknowledgement letter on February 12, 2024.

15.     Defendant admits that, as of the date of the Complaint, it had not provided a response to Plaintiff's FOIA request.

**C.     FGI'S FOIA REQUEST FOR TRAVEL RECORDS RELATING TO THE SENIOR ADVISOR FOR HEALTH EQUITY OF THE CENTER FOR TOBACCO PRODUCTS.**

16.     Defendant admits that it received a FOIA request from Plaintiff on February 23, 2024. The second and third sentences in Paragraph 16 consist of Plaintiff's characterization of that request. Defendant respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents. To the extent the allegations in the last sentence of Paragraph 16 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this sentence are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.     Defendant admits that it sent Plaintiff an acknowledgment letter on February 23, 2024.

18.     Defendant admits that, as of the date of the Complaint, it had not yet provided a response to Plaintiff's FOIA request.

**D.     FGI'S FOIA REQUEST FOR RECORDS RELATING TO THE DIRECTOR OF THE CENTER FOR TOBACCO PRODUCTS' ATTENDANCE OF THE TENTH CONFERENCE OF THE PARTIES.**

19.     Defendant admits that it received a FOIA request from Plaintiff on March 29, 2024. The second sentence in Paragraph 19 consists of Plaintiff's characterization of that request. Defendant respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents. To the extent the allegations in the last sentence of Paragraph 19 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this sentence are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.     Defendant admits that it sent Plaintiff an acknowledgment letter on April 1, 2024.

21.     Defendant admits that, as of the date of the Complaint, it had not yet provided a response to Plaintiff's FOIA request.

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

22.     Defendant incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23.     Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

24.     Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

6

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA. 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### FOURTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts.*

*Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at \*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

## SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

Dated: September 6, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Kaitlin K. Eckrote*
KAITLIN K. ECKROTE
DC Bar #1670899
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, NW
Washington, D.C. 20530
(202) 252-2485
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*